**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Lee Widdel, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Case No. 1:20-cv-00034-DMT-CRH** |
| ) | |
| Continental Resources, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**AGREED PROTECTIVE ORDER**

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority and with the consent of the parties,

It is hereby ORDERED that:

1. All "Confidential Information" and "Attorneys Eyes Only Information" produced or exchanged in the course of this proceeding shall be used solely for the purpose of case preparation, taking depositions, generating expert reports, filings with the Court, presentation at hearings, and final trial, and resolution of this proceeding and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character that is produced or exchanged in the course of this lawsuit and designated as "Confidential" by any of the supplying or receiving parties, whether it be a

1

document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. A party designating information as "Confidential Information" shall designate only that information which the party reasonably believes in good faith contains such information.

3. (a) "Confidential Information" means any nonpublic information which contains or reveals sensitive or proprietary, commercial, financial, technical, or business information.

    (b) Nothing shall be regarded as Confidential Information if it is information that:

        (1) is in the public domain at the time of disclosure;

        (2) becomes part of the public domain through no fault of the receiving party;

        (3) was in the receiving party's rightful and lawful possession at the time of disclosure in this lawsuit; or

        (4) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

4. "Attorneys Eyes Only Information" means any information of any type, kind, or character that is designated as "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. A party designating information as "Attorneys Eyes Only Information" shall designate only that information which the party reasonably believes in good faith contains such information.

(a) "Attorneys Eyes Only Information" means any information, documents, and materials that a party believes in good faith contains or constitutes highly proprietary or competitively sensitive business, financial, or technical information that is generally not known and which the producing party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. For purposes of this Protective Order, "Attorneys Eyes Only Information" includes, but is not limited to: (1) financial information in a form which the designating party would not normally reveal to competitors; (2) plans for strategic business initiatives or strategies; or (3) any other information that contains the designating party's trade secrets.

(b) Nothing shall be regarded as "Attorneys Eyes Only Information" if it is information that:

    (1) is in the public domain at the time of disclosure;

    (2) becomes part of the public domain through no fault of the receiving party;

    (3) was in the receiving party's rightful and lawful possession at the time of disclosure in this lawsuit; or

    (4) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

5. "Qualified Persons," as used herein means:

(a) For "Attorneys Eyes Only Information":

    (1) retained counsel for the parties in this litigation and their respective staff;

    (2) actual or potential independent experts or consultants (and their administrative staff) engaged in connection with this litigation (which shall not include the current or former

3

employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of "Attorneys Eyes Only Information" to such persons, have signed the attached Exhibit A agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person and such attorney shall provide a copy of Exhibit A to counsel for the producing party upon request this lawsuit);

(3) the judge, the Court's staff, and stenographic reporters involved in taking testimony in this lawsuit.

(b) For "Confidential Information":

(1) in-house counsel and outside counsel of record for the parties in this lawsuit and employees of such attorneys to whom it is reasonably necessary that the material be shown for purposes of this lawsuit;

(2) actual or potential independent experts or consultants for each party; provided that (i) such expert or consultant is not a current or former officer, director, or employee of a party and (ii) such expert or consultant has executed an Undertaking substantially in the form of Exhibit A attached hereto;

(3) the judge, the Court's staff, and stenographic reporters involved in taking testimony in this lawsuit;

(4) independent copying services, independent computer consulting and support services, independent exhibit makers, independent translators, and other independent litigation support services retained by counsel for purposes of this lawsuit;

(5) the authors, senders, designated recipients, or addressees of the material designated Confidential;

(6) a party, or one of its current officers or employees; provided that the duties and responsibilities of any such officer and employee require access to Confidential Information for purposes of assisting the party in this lawsuit, including in connection with settlement negotiations that include mediation;

4

   (7) a former officer, director, employee, or agent of a party, or any other third party, in connection with a deposition or other testimony of such person, provided that such person has executed an Undertaking substantially in the form of Exhibit A attached hereto; and

   (8) if the judge so elects, any other person may be designated as a Qualified Person by order of the judge in this lawsuit, after notice to all parties and hearing.

 6. Documents produced in this lawsuit may be designated by any party or parties as Confidential Information or Attorneys Eyes Only Information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorneys Eyes Only" and a Bates number that identifies the producing party. Alternatively, documents produced in native format may be designated by any party or parties as Confidential Information or Attorneys Eyes Only Information by making such designation in the file name of the document.

 7. (a) Information disclosed (1) at the deposition of a party or one of a party's present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this lawsuit or (2) at the deposition of a third-party, may be designated by any party as Confidential Information or Attorneys Eyes Only Information by indicating on the record at the deposition that the testimony is Confidential or Attorneys Eyes Only Information and is subject to the provisions of this Protective Order. If such a designation is made, any person attending the deposition on behalf of the parties who is not a Qualified Person shall be excluded from the deposition until testimony regarding the alleged Confidential Information has concluded. If any person objects to the designation of testimony as Confidential Information, the objection

may be noted for the record, but any person attending the deposition on behalf of the parties who is not a Qualified Person nevertheless shall be excluded from the deposition until testimony regarding the alleged Confidential Information or Attorneys Eyes Only Information has concluded. Within twenty (20) calendar days following the receipt of the deposition transcript to the designating party, the party who designated any testimony at the deposition as Confidential or Attorneys Eyes Only will identify in writing to all other parties the specific pages and lines of deposition testimony that are subject to the designation made at the deposition.

    (b)    Any party may also designate information disclosed at such depositions as Confidential or Attorneys Eyes Only by notifying counsel of record for all other parties in writing, within twenty (20) calendar days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential or Attorneys Eyes Only thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

8.    (a)    Confidential Information and Attorneys Eyes Only Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

    (b)    All documents consisting of Confidential Information that are provided to a Qualified Person of Paragraphs 5(a)(2) and 5(b)(2), above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents.

(c) Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of discovery, evaluation, or presentation in this lawsuit.

9. Documents to be inspected shall be treated as Confidential during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently Confidential or Attorneys Eyes Only by the producing party if they are to be designated as such under this Protective Order.

10. Filings with the Court including Confidential Information and Attorneys Eyes Only Information shall be done in accordance with District of North Dakota's "Guide to Filing Sealed Documents and Motions" by filing a Motion for Leave to File Under Seal with any exhibits containing "Confidential" or "Attorneys Eyes Only" information attached as "Proposed Sealed Documents." If the motion is requesting to seal only portions of the document or motion, counsel should include as an attachment an unredacted copy of the document with the proposed redactions highlighted or otherwise identified in a manner that enables the Court to easily review the proposed redactions.

11. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Confidential or Attorneys Eyes Only consents to such disclosure or if the judge, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information and Attorneys Eyes Only Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced

such information. Nor shall anything herein prevent any counsel of record from using Confidential Information or Attorneys Eyes Only Information in the examination or cross-examination of any person who is an officer, director, or employee of the party that designated the information as Confidential.

      12.    (a)    If a party inadvertently discloses any document or thing the party deems to contain Confidential Information or Attorneys Eyes Only Information without designating it as Confidential or Attorneys Eyes Only, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as Confidential or Attorneys Eyes Only under this Protective Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

      (b)    If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing, including an identification of the information at issue, and request that the item or items of information be returned, and no party to this lawsuit shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies

thereof within ten (10) calendar days of receiving a written request for the return of such item or items of information.

13. (a) A party shall not be obligated to challenge the propriety of a designation as Confidential or Attorneys Eyes Only at the time made, and a failure to do so shall not preclude a later challenge thereto. In the event that any party to this lawsuit disagrees at any stage of these proceedings with the designation by the designating party of any information as Confidential or Attorneys Eyes Only, the parties shall first try to resolve the dispute in good faith on an informal basis, such as production of redacted copies. If the parties are unable to resolve the dispute, the party challenging the designation may seek appropriate relief from the judge, and it shall be the burden of the designating party to establish that the documents or information at issue are properly designated as Confidential or Attorneys Eyes Only within the meaning of this Protective Order and that this designation shall continue to apply to the documents or testimony.

(b) The parties may, by written stipulation filed with the Court for approval, provide for exceptions to this Protective Order, and any party may seek an order of the Court modifying this Protective Order. The parties agree to confer in good faith prior to seeking to modify this Protective Order. In addition, the Court may modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

14. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings in this action involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

15.     In the event any person or party that has possession, custody, or control of any information designated as Confidential or Attorneys Eyes Only pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall immediately, but in no event later than five (5) business days after receipt of the subpoena or other process or order, notify by facsimile the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the Confidential or Attorneys Eyes Only designation shall have the burden of defending against such subpoena, process, or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the Confidential or Attorneys Eyes Only treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order the receiving party shall, at a minimum, seek to obtain confidential treatment of the Confidential Information or Attorneys Eyes Only Information before producing it in the other proceeding or action.

16.     This Protective Order shall apply to the parties and any non-party from whom discovery may be sought in this lawsuit and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this lawsuit, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

17. Within sixty (60) calendar days after conclusion of this lawsuit, any document consisting of Confidential Information or Attorneys Eyes Only Information and all reproductions of such documents produced by a party that are in the possession of any of the persons qualified under Paragraph 5 shall, at the written request of the producing party, be returned to the producing party or destroyed provided that the request made by the producing party shall not impose any costs on the receiving party other than the cost of counsel for the receiving party certifying that the materials were destroyed as requested. If the materials are destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within seven (7) calendar days of such destruction. Counsel of record for a receiving party may retain one copy solely in its offices of any papers filed in this lawsuit, along with any work-product (including correspondence) of such Counsel, regardless of whether such work-product contains Confidential Information or Attorneys Eyes Only Information. Nothing in this Protective Order shall require the destruction of disaster-recovery materials or other backup materials that Counsel or any producing or receiving party maintains in the ordinary course of business, including backup materials maintained in order to satisfy regulatory and/or statutory requirements. To the extent ·that the provisions of any protective orders entered in this lawsuit restrict the communication and use of the documents produced in this proceeding, such orders shall continue to be binding after the conclusion of this lawsuit, except that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

SIGNED on this 22nd day of May, 2020.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court

**AGREED:**

Continental Resources, Inc.

By: */s/ Andrew Sims*
Andrew D. Sims, ND Bar #08805
asims@hfblaw.com
HARRIS, FINLEY & BOGLE, P.C.
777 Main Street, Suite 1800
Fort Worth, TX 76102
Phone:   (817) 870-8700
Fax:       (817) 333-1154

**ATTORNEY FOR DEFENDANT
CONTINENTAL RESOURCES, INC.**

Lee Widdel

By: */s/ Dennis Johnson*
Dennis Edward Johnson (ND Bar # 03671)
dennis@dakotalawdogs.com
Aaron Weber #07844
aaron@dakotalawdogs.com
JOHNSON & SUNDEEN
P.O. Box 1260
109 Fifth Street SW
Watford City, ND 58854
Phone:   (701) 444-2211

**ATTORNEYS FOR PLAINTIFF
LEE WIDDEL**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Lee Widdel,<br><br>   Plaintiff,<br><br>vs.<br><br>Continental Resources, Inc.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)  **Case No. 1:20-cv-00034-DMT-CRH**<br>)<br>)<br>)<br>)<br>) |

**UNDERTAKING**

I, the person named below, hereby declare that the following information is true and correct:

1. Name: _____

2. Address: _____

3. Employer's name and address: _____
   _____

4. Title: _____

5. Occupation/job description: _____

6. Past or present relationship to Plaintiff or Defendant, if any: _____
   _____
   _____

7. I am executing this Undertaking on behalf of (check all that are applicable):

   (a) myself _____

   (b) my employer _____

EXHIBIT A - AGREED PROTECTIVE ORDER                    1

8. I hereby acknowledge that I have been provided with a copy of, have read, and fully understand the terms of the Agreed Protective Order entered in this lawsuit. I agree to be bound by, and to comply fully with, the terms of the Agreed Protective Order. I further agree not to use or disclose to anyone any Confidential Information or Attorneys Eyes Only Information, as defined by the Agreed Protective Order, except as permitted therein.

9. If I am executing this Undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the Agreed Protective Order and that it too will abide by the requirements set out in paragraph 8 of this Undertaking.

10. I hereby submit myself to the jurisdiction of the Court in connection with the enforcement of the Agreed Protective Order. If I am executing this Undertaking on behalf of my employer as indicated above, my employer hereby submits itself to the jurisdiction of the Court in connection with the enforcement of the Agreed Protective Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.

EXECUTED within the United States on this _____ day of _____ 2020.

_____
(Signature)